Good morning and welcome to the 11th circuit. We're happy to be here with you today. We have four cases on for this morning. And I think you're all familiar with our rules. But just a quick review. When the yellow light goes on, you have two minutes left. When the red light goes on, your time is up. We ask that you please respect the lighting system. And if we have questions that take you over your allotted time, please do continue to answer the questions. We wouldn't ask them to you if we didn't want to hear the answers. And with that, we will begin with United States of America versus Davis. And we'll hear first from counsel for Mr. Davis. May please the court. Good morning, Your Honors. My name is Elka Bozanic and I represent Alfred Davis, who is the appellant in this case. There are four issues in this case. The first one is whether the evidence was insufficient to convict Mr. Davis of access device fraud, because there was no evidence that he defrauded anybody or took any money from anybody. The second issue is the jury instruction. We believe that the jury instruction that was given to the jury was erroneous, because there was a word usually meaning that the element of access device fraud has the intent. The intent is usually for personal financial gain or to cause financial loss to somebody. These first two issues are reviewed de novo. And then there are two other issues. Issue three and four are different standard abuse of discretion. And the third issue is whether the court erred in allowing evidence of a prior 404B act, which is the similar act that happened five years prior to the charged conduct. And issue four is whether the court erred in admitting evidence of two prior convictions of Mr. Davis without linking or proving that these convictions belong to Mr. Davis. Go ahead, please. I was just gonna say, can we start with Klopff? It seems like Klopff is a problem for you, even, you know, regardless of whether we think your argument might make sense. How do you how do you deal with Klopff? Because the prior precedent rule requires us, as you know, to follow our precedent. Well, I think that there's a difference between the wire fraud and the access device fraud statute. The wire fraud requires that there is a material misrepresentation, as opposed to use of access device where there is no element of misrepresentation. Although you do kind of rely on the wire fraud and mail fraud cases in other parts. So how do you thread that needle there? Well, there isn't enough case law on the access device fraud when it comes to the financial loss. And I know that the government heavily relies on USB Bradley. We look at the statute first, and then we'll look at the case law. And even though there's no case law on point from the 11th Circuit, there is a case United States v. Saini, which is the 9th Circuit, which says that the intent of the fraud element requires that a property or money be taken from somebody. We also look at the statute itself and 1029E1 defines an access device as a means to obtain money, goods, services or any other thing of value. So when you look at those... But let me ask it to you this way. I mean, some might say that that it even satisfies the Saini test because your client was able to obtain property that he otherwise wouldn't have been able to get, but for the misrepresentations. Well, he actually rented the victim in this case would have been the owner of the property, which is the owner of the condominium. The government argued that the victim is the actual condominium association, because he got to enjoy the access to tennis courts or valet or whatever services this building offered. The condominium association does not own any of these apartments. They don't own the apartment, the rent was paid. Therefore, Mr. Davis did not defraud anybody or cheat anybody out of money. The government's argument... If I may, just back to Judge Rosenbaum's question about Klopp. I mean, basically, the defendant and Klopp made the same argument that you're making here. He said, you know, so Klopp says, and we can get to your second issue as well, Klopp says, oftentimes, basically, their intent to defraud entails, you know, sort of dispossessing someone of money, but then goes on to say not necessarily. And the reason the court says not necessarily is because the defendant there said, hey, look, I paid off the credit card bills. So no harm, no foul. And Klopp, nonetheless, says they're still intended to fraud. Well, yes, I mean, obviously, you cannot commit a crime and then argue that you repaid the money back, and therefore, there's no crime. The intent of the fraud specifically, I know the repayment of the money is not a defense to the intent of fraud. But I think that the intent of the fraud and specifically in this case, the word usually was so broad to allow the jury or allow defense and prosecution to argue what this word usually meant in the closing argument. But in Klopp, we did use the term often, which suggests that there are other times when that's not the case, right? So what how would you construe what those other times when that's not the case include? I think that the statute kind of gives is a little broad so that you know, arguments can be made, that it's not just about money, or it's not about just goods or services. However, in this specific case, it just allowed the jury to make all these assumptions. And even in the closing argument, the government argued that this usually the word usually means it doesn't really have to happen. And this thing of value that the defendant got to enjoy something he was not entitled to, which is not the instruction. It's not even a pattern instruction. The trick is, it seems to me is that the extra instruction that you wanted, that says, person acts with intent to fraud when they have the intent to deceive and cheat, which means they have the intent to deprive the victim of money or property through deception. That contradicts Klopp, right? Because Klopp says, often, but not necessarily. So it seems like usually it's sort of like, district court doing its level best to mirror what Klopp, in fact, says. Understood. And I understand that the case we're relying on is out of the Ninth Circuit, and it's not binding on the 11th Circuit. And in Klopp, the word often, you could argue that it means the same as usually. And I think it just opens up the door to different interpretations. And let me ask you a more basic question for me. Yes. Help me understand what this statute means. Whoever knowingly and with intent to defraud uses one or more counterfeit access devices. And then if you go down in the statute, it defines an access device in a certain way. And there's no question that a phony driver's license would fall into the category of access device. Nobody disputes that. And then it goes on to say, if you use it, and these are the operative words I want you to help me with, quote, to obtain money, goods, services, or anything, any other thing of value couldn't be broader, the any other thing of value, isn't a lease interest in a piece of property, a thing of value? Yes, it would be a thing of value if the defendant was obtaining something and intending to permanently use it. This was a lease. You don't have to permanently use it. A leasehold interest is a lease interest for a fixed period of time. It's not the same thing as owning a piece of property in fee simple. It's you have the right to use the property for some determined period, a year or two years as you had in this case. Didn't the defendant obtain a thing of value using an access device and intending to defraud? The real dispute here seems to be over whether this is a thing of value, whether it's intangible, etc. I'm not asking whether it's intangible. I'm asking you whether a leasehold interest in a piece of property is a tangible property interest. That's a thing of value. Yes, Your Honor, the leasehold interest I would equate it to a teenager who would go into a club and you with a fake ID and use the amenities and then somebody making an argument. But they don't have any kind of property interest in the club, but not like a lease. A lease is a property interest. Yes, and in this case, the defendant paid for the lease, meaning the victim, the actual victim in this case would have been the owner of the condominium as opposed to the thrust of the question that I'm asking goes to that which the defendant obtained and if he obtained a leasehold interest, that's a tangible interest in property. I was curious and took a look at Florida law to see how Florida defines a leasehold interest and they say we find in the law of real property. It is well established here that a valid lease for a term of years is a conveyance of an interest in land. It's not in simple, but it's as much something of value as it would be to obtain fifty grand or a gold bullion or something like that. So we don't even have to fuss with intangible etc. etc. Didn't he obtain something of real tangible value here? Your honor, I would argue that he did not obtain anything tangible. It was a lease possessory interest for the period of time that he's leasing. He actually paid for that lease interest. So he did not the question I'm asking is not how did he get it? The question is what is the character of the item that in fact he did obtain you suggest that what he obtained was something like going into a bar for admission, but I'm suggesting to you under the law of property. This is far more than access to a club for a night or something like that or even access to a golf course. This is real tangible property. This is a tangible interest. If that's right, then I. I don't think I have to fuss with cop for what it means because it seems to me your client obtained something of real tangible value. Well, we can look at the property definition under the jury instruction for Hobbes Act racketeering where it's the property is defined as money. Other tangible things of value and intangible rights that are a source or part of income or wealth and I would argue that somebody leasing a property is not either one of those and there is not a source of part of income or wealth when you're leasing. You're actually getting yourself into debt. You're not it has nothing to do with creating wealth because you're leasing a property so that that would be my argument to counter your honor's question. Alright. Thank you. Miss Bosonic. You've reserved 6 minutes for rebuttal and we'll hear next from mister Pyatt. Thank you, your honors may please the court Austin Pyatt for the United States. I'm happy to talk about any of the issues raised in the briefs but to start off with the issue that judge Rosenbaum you raised first, which is cloth. I think cloth does make this an easy case appellant is inviting this court to read in a actual monetary loss or personal financial gain requirement into 1029 A1 cloth has already decided that that has no place here. I would also point the court to the text of 1029 as an additional reason for why that has no place here. The text as as the colloquy that has already demonstrated does talk about money, but it also mentions an E1 goods services or any other thing of value. Can I ask you just about E1? I'm just trying to figure out the sort of the architecture of the statute so so A1 is our operative provision here, right? E1 is a definitional provision. Yes, correct and E1 so just defines the term access device as any card plate blah blah blah that can be used alone or in conjunction and then comes the value language right. So sure a driver's license can be used, but I'm not really like does that inform the operative clause here? I mean the operative clause just says. You know knowingly and with intended fraud uses dot dot dot a counterfeit access device. Sure. so let me try to explain how I understand how the architecture works here, which is of course one of the elements is intent to defraud right in this court in Bradley has defined intent to defraud as attempting to obtain by deception something you're not entitled to and so then that raises. I think the next question, which is attempt to obtain what and that's where I think E1 in the list of things in E1 can then be informative because that connects what the object of the intent to defraud is in the 1029 A1 context. So that's kind of how I see those two working together is just like in the bank wire and mail fraud context where it talks about money or property. The object of the intent to defraud is informed by the statute. The statute's text, but but but if as you in in your submission clock is sort of effectively this case, we don't even really need to parse all of that cross referencing that that's absolutely correct. Cloth cuts directly to this issue and so any background considerations of what are goods? What are services? What are any other thing of value? This court doesn't even really need to get into that to decide this case. Obviously, I wanted to answer your honor's question just to try to understand how the statute operates in different context, but you're absolutely right that this court does not need to get into that in this in this case. I would also point out an additional feature of the statute that hasn't been brought up yet, which is looking to its structure and if you look at the provision immediately following a one, which is of course a two, you see there that Congress knows how to put additional requirements into the statute when it wants to a two has a monetary threshold and in fact in the house report that accompanied passage of this Act, Congress explained the reason a two has a monetary threshold, but a one does not is because they believe use of a counterfeit access device in a one as opposed to an unauthorized access device in a two is quote more serious. So reading in additional requirements such as an actual monetary loss requirement, I think would also be at odds with the structure of the statute. But to pivot back to Cloth, which like I said is probably the most on point way to just dispose of this case here. Cloth did deal with a 1029 a two prosecution, so you don't even have to worry about, you know, analogizing from the wire mail or bank fraud context. Cloth puts this in the 1029 context already. Cloth also dealt with a sufficiency challenge on the intent to the fraud element, so that too is on all fours and then of course as Judge Newsome, your previous question indicated the argument was basically the same. In Cloth, the individual said, I always paid off my credit card bill, so how could you ever show I had the intent to defraud? You can basically swap out the words, I paid my credit card bills with the words, I paid my rent and you have the exact same case here, the exact same theory and this court rejected that theory and rightly so. I think if this court at all were looking for additional cases that are informative, I think Watkins, the case from 2022 is admittedly in a different context. I believe that was bank fraud, but similar argument, right? He says, I always was going to repay the loans I fraudulently got, so how can you show I had an intent to defraud? And in that case, this court used even stronger language and called that argument, quote, plainly nonsensical. So I think the issues there are somewhat over determined in the sense that this court should not read in a actual monetary loss or personal financial gain requirement. And is that, I guess you, I'm not sure I want to let you get away quite so quickly with saying, and rightly so, like cards on the table. I think we're bound by cloth. I'm not certain that I think cloth is right. Like it seems like there is something inherent in nature of fraud that is taking someone else's money, not just like tricking them in the ether. Sure, and I think this court's line of cases stemming from tack love, which of course is like nature of the bargain and tack love gets into the differences between intent to deceive, which of course is not illegal under federal law and intent to defraud, which of course is. And so I think the intuition, Judge Newsome, that you're getting at is this kind of nature of the bargain idea that if you lie to someone, but it in no way affects whether they would enter into the bargain with you, then how is that possibly fraud? Now, I do want to make clear, nature of the bargain is not at issue here. They don't raise the nature of the bargain defense, just to about cloth and not dealing with that and wanted to assume nature of the bargain has to apply here. It could say even assuming nature of the bargain that the nature of the bargain test applies here. We can still affirm because this absolutely did go to the nature of the bargain, right? Excuse me. Tackle talks about the it's it's not intent to defraud if the victim gets exactly what they paid for here. The victim did not get exactly what they thought they were getting. They got a lease with an individual named Rod who has a clean criminal background and instead they got a lease with an individual named Alfred Davis who has two felony convictions in his background. So I think even under a nature of the bargain inquiry where you're kind of getting at that intuition of well, there's a difference between deception and fraud. I think it still passes muster. But like I said, that's that's not an issue. In fact, usually when these nature of the bargain cases come up, like in the recent case of Bell, the individual below will request a kind of tack love like jury instruction to say, you know, you should inform them that there's a difference between deception and fraud that wasn't raised here. So again, this even judging you some if you are reconsider reconsidering Klopf just as a matter of first principles, this case doesn't present the way to get into it. I still do think Klopf was correctly decided because I think the the kind of sleight of hand that is trying to the appellant's trying to pull off here is to say it's always money, right? It always has to be about money. But even zooming out and looking at how the Supreme Court has treated these cases or how this court has treated these cases in the bank mail and wire fraud context, they often talk about money or property. I've never I've not seen a case where they say yes, it's always about money and it just has to be about money and rightly so and I think this goes to judge Marcus's colloquy about the nature of defrauding someone out of property. So as long as you have a fraud, an intention to fraud directed at money or property, then that certainly passes muster. I will, you know, caveat all that by saying in the 1029 context, we have this kind of broader definition in E1 whereas 1341, 1343, and 1344 all talk about money or property in the text of the statute itself. Here, we have a broader definition. Let me ask you a question though. Just taking it to sort of its extension. Sure. Let's just go back to the bar example, okay? Underage kid presents a false ID, gets into the bar, and then uses the false ID to buy a drink. Can you prosecute that under the statute? They've received a drink for it and the nature of the bargain is the bar thought they were selling a drink to somebody who was of legal age. So I of course first want to say I'm not aware of any sort of prosecution like that. I understand but just for principle purposes and how we draw the line and what the principle is that we're articulating, it would be helpful to me to understand how you distinguish that case if you do. Sure and I think the way appellant presents this on page 15 of the opening brief is under this theory of if all you have to do is show that someone got something they're not entitled to, which bracketing, we've never argued that it's not simply that. I've kind of taken her hypothetical one step further, which is you go to the bar, you show the fake ID, you get a drink. So in the drink there, of course, is meant to say that you got a thing of value. Yes. And so to take your honor's hypothetical directly on, I think even spotting them that if a 1029A1 prosecution were brought against that individual, which I'm not even sure it could given the property discussion we've had given the intent. That's what I'm asking. Right. Why couldn't it? I think there are factual questions about how property plays into that and intent to defraud and making sure that the prosecutor is. It's another thing of value, right? It's anything of value. If we're gonna rely on that aspect of the definition of access device. Right. So stretching it all the to that hypothetical scenario. I again think even spotting them that that could be prosecuted under 1029. There are plenty of ways in this in the court system that we have of distinguishing between the culpability of that case and the culpability of a case like this one. For example, if you look at 1029C, the penalty section, there is no statutory minimum requirement and in fact, it talks about how you could get a fine or imprisonment. But so now just to be clear and for Judge Rosenbaum's purposes, we're beyond the I think you've conceded that that hypothetical is prosecutable and now we're on through to penalties. So I do you can see that that is prosecutable. I don't wanna concede that because of course that would have to be taken into account on the facts of that case and the prosecutor would have to decide whether given the resources and time it would take to bring such a prosecution. They would even try whether they could convince a jury beyond a reasonable doubt that all the elements were meant. So that's why I'm not taking a certain position on whether that would be prosecuted. But prosecuted and prosecutable are two different things, right? I mean and now and now in answer to Judge Marcus's question, is that an indictable offense? Right and sorry, let me be clear. The prosecutable question I still think raises a lot of these questions about whether. We know it raises the question simply put is if some prosecutor was bold enough or foolish enough to say too many kids are going into bars of the the drinking limit is twenty- one in the state and they're going in at eighteen or nineteen with a driver's license. Everybody knows it's phony and with that driver's license, that is false. They buy can of beer. They pay whatever the exchange required to obtain the beer. Would you prosecute them for using an access device with the intent to defraud in order to obtain something of value? It ain't much of value. It certainly isn't a leasehold interest in an apartment. Theoretically, couldn't you prosecute somebody? Maybe we'd be taking it to the breaking point, but I think that was the thrust of the question. Yes and then to to take that directly on. I think if you have the facts where an individual uses a counterfeit access device in a way that obtain a beer requirements to obtain a beer, perhaps that would be prosecutable, but I want to say that like II pointed to the penalty section. There's a reason there isn't a statutory minimum imprisonment term because it's lord help the prosecutor would walk in with that II would not want to be that prosecutor. Your honor that you wouldn't you're basically saying yes, it could be indicted, but it doesn't matter that it could be indicted that you know that's yes, it it falls under there, but it really it's it's irrelevant for purposes of determining what the statute requires and as a practical matter, we don't have to worry about it. That's basically your argument. I don't want to give off the impression that that could clear that is a clear cut. Yes, that would fall under 1029 A one for purposes of addressing the hypothetical head on. I've been kind of trying to put all those aside. I mean if if the argument is that under. Anytime you get something of value while using A fake ID it's prosecutable even if you pay for it. Why wouldn't this be? I mean that's what I'm trying to understand either this is covered and it doesn't matter or it doesn't matter. I mean whichever to the analysis ultimately because Congress decided this is what the statute says and if it's covered, that's just how it is or maybe it doesn't matter or maybe it doesn't matter for some reason or it's not covered in which case I need to understand where you're drawing the line and how you're doing it because I'm not it's not clear to me. Yes, your honor and I apologize for any unclarity. I think that's just a reflection of trying to opine from the things to me. Your simple answer is yeah, it's true. It's theoretically possible where we're not in the twilight zone and here what they did was use an access device with intent to fraud to obtain something of real tangible value. That is to say a leasehold interest. I absolutely agree with that and II just want to point out that this hypothetical of the underage bar patron who presents a fake ID. I don't think anyone thinks that that's not culpable conduct using a fake ID to sneak into a bar. It's just a question of we don't think it should be that culpable is basically what I hear upon starting to be and that just seems to be a policy disagreement with how Congress wrote the statute. I I noticed my time is up. so there are no further questions. I would ask that the court affirm. Alright. Thank you. Mister Pyatt and we'll hear again from Miss Bozonic. Well, I'd like to address the last argument by the government. There is a big the fact that the government could prosecute a teenager for just going into a bar and getting a drink is very concerning and I don't think that's what the legislature intended with this law, but it all comes down to what what the legislature intended, right? I mean, if the legislature did intend that this is how the law should be interpreted. Well, then we don't really have any. I mean setting aside cloth, we don't have any any. it's not for us to decide whether or not that's wise right correct, but I think that the fact that the government is in a way conceding that you could prosecute somebody for what sounds like a silly crime, you know going into a bar and getting a drink. I think the next level is what Mister Davis did. He didn't go out there and take some of this money and yes, you can argue that maybe the leasehold interest is some type of property. However, that isn't an argument. That's the state of the law leasehold interest is real property in the state of Florida. It's not the same thing as fee simple, but it's as tangible as $50000 or four gold bars. Well, then the argument comes down to the government presented evidence from the condominium Association and presented them as the victim of the crime when in fact the victim of the crime here would have been the owner of the property who never came and testified because he was paid rent. So the leasehold interest or if somebody was cheated out of this leasehold interest, it would have been the owner of the property who never testified. There was no evidence present. Let me bring you back to the language in cloth. We explain their quote the intent to defraud has often been defined as the specific intent to deceive or cheat for the purpose of and it's put in the disjunctive either causing some financial loss to another or bringing about some financial gain to oneself. Doesn't this bring about a gain to oneself or certainly an attempt to bring about a gain to oneself to attempt to obtain a real property interest in an apartment by means of an access device which you used with intent to defraud. Oh, it doesn't this fall squarely within that that definition, I would argue that the leasehold interest is not financial gain gain for one. Yes, there is club says financial loss to one or financial gain to another and I don't think that Mr. Davis had any financial gain by getting to live in an apartment building for X amount of years or months. He sure thought it had some value to didn't perhaps your honor. So, I know we didn't address any of the other issues and I know this is my rebuttal, but I'll just stick to what we talked about. It seems like these are the two main issues and I agree that the first two issues are the most important ones aside from issue three and four. Just again to go back to the government's argument and rebut their argument. They argued for I don't think that it is clear in this case who the victim is and the government keeps saying that and in their closing arguments, they use the term of the defendant got something he was not entitled to and that should not be the law and the when the district court denied the motion for acquittal after the district court reserved on that motion. They basically sided with the government and said that the law should be that the defendant did not get something that the defendant got something he was not entitled to and that should not be the law and again, I would go back to the initial argument even though I understand your honor may disagree with me that mister Davis did not gain anything by presenting this counterfeit access device, which is the driver's license because he didn't get anything of value and he didn't cheat anybody out of money or property. Alright. Thank you very much. Thank you.